UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-CV-60798-DIMITROULEAS

CLARENCE MATTHEWS, an individual,

    Plaintiff,

vs.

NATIONAL SEATING & MOBILITY, INC.,
a Foreign Profit Corporation, and
PRIDE MOBILITY PRODUCTS
CORPORATION, a Foreign Profit Corporation,

    Defendants.

_____/

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT, NATIONAL SEATING & MOBILITY, INC.'S AFFIRMATIVE DEFENSES WITH MEMORANDUM OF LAW

Plaintiff, CLARENCE MATTHEWS, an individual, ("Plaintiff"), by and through undersigned counsel, hereby moves this Honorable Court to Strike the Affirmative Defenses raised in Defendant, NATIONAL SEATING & MOBILITY, INC.'s ("Defendant") "Answer to Complaint,"[1] and, in support thereof, states as follows:

### INTRODUCTION

Defendant attempts to assert thirteen (13) affirmative defenses.  However, as explained herein, Defendant's affirmative defenses are legally insufficient for one or more of the following reasons: (i) the affirmative defense is conclusory in nature and fails to

---

[1] Filed on or about April 8, 2016, in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, prior to the removal of this case.  A courtesy copy of Defendant's Answer to Complaint is being attached hereto as an Exhibit.

1

plead with specificity the facts supporting the alleged affirmative defense; (ii) the affirmative defense is not a legally recognized affirmative defense to the claims alleged in the complaint; and/or (iii) the affirmative defense is merely a denial of facts alleged in the complaint and is not a legally recognized affirmative defense. As such, Defendant's affirmative defenses should be stricken.

## **LEGAL STANDARDS**

Affirmative defenses must comply with Fed. R. Civ. P. 8(a), which requires "a short and plain statement" of the defense asserted and an affirmative defense will be stricken if "they fail to recite more than bare-bones conclusory allegations." *Merrill Lynch Bus. Fin. Serv. v. Performance Mach. Sys.*, 2005 WL 975773, at *11 (S.D. Fla. March 4, 2005); *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F.Supp.2d 1322, 1331 (S.D. Fla. 2011) (explaining that an affirmative defense requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."(citations omitted)). "Furthermore, a court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318 (S.D. Fla. 2005) ("An affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance.").

Courts have broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f). *Tarasewicz v. Royal Caribbean Cruises Ltd.*, 2015 WL 1566398 (S.D. Fla., April 8, 2015). Pursuant to Fed. R. Civ. P. 12(f), a court may strike "from any pleading any insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." Affirmative Defenses are subject to the general pleading requirements of Rule 8(a) and will be stricken if they fail to recite more than bare-bones conclusory allegations. *Pujals ex rel. El Rey De Los Habanos, Inc.*, 777 F.Supp.2d at 1327; *Lima v. Heng Xian, Inc.*, 2009 WL 4906374, *1 (S.D. Fla. Dec. 18, 2009) ("Bare bones conclusory pleadings are subject to being stricken.") As such, a "defense is also insufficient if it does not fulfill the pleading requirements of Federal Rule of Civil Procedure 8(a), requiring a "short and plain statement" of the defense." *Perlman v. Wells Fargo Bank, N.A.*, 2014 WL 4449602, *1 (S.D. Fla. Sept. 10, 2014). As explained by this Honorable Court,

> in pleading an affirmative defense, the pleader must set forth a short and plain statement of the defense[,] and must include either direct or inferential allegations as to all elements of the defense asserted. Assertions of legal conclusions unsupported by facts are not sufficient as affirmative defenses.

*Id*. Thus, conclusory statements that fail to identify the facts supporting each defense are insufficient to constitute an affirmative defense. *Id*. (*citing Certain Interested Underwriters at Lloyd's, London v. AXA Equitable Life Ins. Co.*, 2013 WL 3892956, at *4 (S.D. Fla. July 26, 2013) (striking an affirmative defense because "it is inappropriate for [the defendant] to place the burden on [the plaintiffs] and on the Court to sift through 'pages' of allegations to determine which [the defendant] might have intended to form the basis of each of its defenses.").

Here, Defendant fails to sufficiently identify facts supporting its alleged affirmative defenses; likewise, some of Defendant's allegations are simply not cognizable affirmative defenses. Accordingly, Plaintiff respectfully requests that this Honorable Court strike Defendant's affirmative defenses.

### A.  DEFENDANT'S FIRST AFFIRMATIVE DEFENSE SHOULD BE STRICKEN

Defendant's First affirmative defense is insufficient in that it is a bare-bones conclusory allegation that simply names a legal theory but fails to notify Plaintiff how the theory is connected to the case and/or of the deficiencies in the complaint. Specifically, Defendant's first affirmative defense merely states that "the injuries and damages complained of were caused by the sole negligence of the Plaintiff, thereby barring the Plaintiff from any recovery herein."

Defendant provides absolutely no factual support or notice to the Plaintiff as to how Plaintiff was allegedly negligent. This affirmative defense is comparable to the *insufficient* affirmative defense at issue in *Thompson v. Fresh Market, Inc.*, wherein the defendant alleged "that "Plaintiff himself may have been guilty of negligence in entering the subject premises which caused or contributed to the alleged damages, and therefore, any award to which Plaintiff may be entitled should be reduced pursuant to the doctrine of comparative negligence." 2014 WL 1400631, *3 (M.D. Fla. April 10, 2014). In that case, the affirmative defense was stricken because defendant did not specify how plaintiff may have been negligent. *Id*.

Accordingly, Defendant's first affirmative defense should be stricken.

### B.  DEFENDANT'S SECOND AFFIRMATIVE DEFENSE SHOULD BE STRICKEN

Defendant's second affirmative defense is insufficient as it also fails to provide any basis or factual support therefore. Defendant's second affirmative defense merely states

> If Plaintiff suffered injuries or losses as alleged, these are the proximate result of negligence of the Plaintiff by reason of which Plaintiff's recovery, if any, should be proportionately diminished under the comparative negligence doctrine.

Again, Defendant merely asserts a conclusory allegation; Defendant fails provide any

4

factual support and/or notice to the Plaintiff as to how Plaintiff was potentially negligent. As such, like the *insufficient* affirmative defense at issue in *Thompson v. Fresh Market, Inc.*, 2014 WL 1400631, *3, here, Defendant's affirmative defense should also be stricken as insufficient and for failing to provide any supporting facts.

C. **DEFENDANT'S THIRD AFFIRMATIVE DEFENSE SHOULD BE STRICKEN**

Defendant's third affirmative defense should be stricken as improper because Defendant fails to name the third person or entity as set forth in *Nash v. Wells Fargo*, 678 So.2d 1262 (Fla. 1996). Specifically, Defendant's third affirmative defense merely alleged that "Plaintiff's injuries and damages, if any, were caused by the acts of third parties, not under the control of Defendant…"

Defendant fails to identify any third person or even provide any inference as to who that third person could be. Likewise, this affirmative defenses is clearly nothing more than a bare bones conclusory allegation that simply names a legal theory but fails to notify Plaintiff how the theory is connected to the case and/or of the deficiencies in the complaint. Accordingly, Defendant's third affirmative defense should be stricken.

D. **DEFENDANT'S FOURTH AFFIRMATIVE DEFENSE SHOULD BE STRICKEN**

Defendant's fourth affirmative defense does not constitute an affirmative defense, and, even if it did, it is insufficient in that it is a bare-bones conclusory allegation that simply names a legal theory but fails to notify Plaintiff how the theory is connected to the case and/or of the deficiencies in the complaint. Specifically, Defendant merely alleges:

> Any recovery of Plaintiff herein should be diminished by the amount of all benefits which Plaintiff has received from collateral sources as defined within Florida Statute §768.76.

Here, this is not an affirmative defense since Defendant does not admit to any facts and

5

an "affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Morrison*, 434 F.Supp.2d at 1318. Similarly, Defendant merely alleges a bare-bones conclusory allegation without providing any notice to Plaintiff as to how that conclusion is connected to the case. As such, Defendant's fourth affirmative defense should be stricken.

### E.   DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE SHOULD BE STRICKEN

Defendant's fifth affirmative defense is insufficient in that it is a bare-bones conclusory allegation that simply names a legal theory but fails to notify Plaintiff how the theory is connected to the case and/or of the deficiencies in the complaint. Specifically, Defendant's fifth affirmative defense states:

> Defendant, NATIONAL SEATING, states that the Plaintiff failed to mitigate his damages and is therefore not entitled to recovery of any damages which could have been mitigated.

This should be stricken for failing to provide *any* factual support. *Katz v. Chevaldina*, 2013 WL 2147156, 3 (S.D. Fla. May 15, 2013) (striking an affirmative defense for failure to mitigate damages as insufficient since defendant provided little or no factual support).

### F.   DEFENDANT'S SIXTH AFFIRMATIVE DEFENSE SHOULD BE STRICKEN

Defendant's sixth affirmative defense does not constitute an affirmative defense, and, even if it did, is otherwise insufficient in that it is a bare-bones conclusory allegation that simply names a legal theory but fails to notify Plaintiff how the theory is connected to the case or of the deficiencies in the complaint. Specifically, Defendant merely alleges:

> Defendant, NATIONAL SEATING, alleges that any recovery should be reduced or barred by any settlement, judgment, or payment of any kind by any individual or entity in connection with the subject matter of the incident described in the Complaint.

Here, this is not an affirmative defense since Defendant does not admit to any facts; an

6

"affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Morrison*, 434 F.Supp.2d at 1318.  Similarly, Defendant merely alleges a bare-bones conclusory allegation without providing any notice to Plaintiff as to how that conclusion is connected to the case.  As such, Defendant's sixth affirmative defense should be stricken.

    **G.  DEFENDANT'S SEVENTH AFFIRMATIVE DEFENSE SHOULD BE STRICKEN**

Defendant's seventh affirmative defense is insufficient in that it is a bare-bones conclusory allegation that merely names a legal theory but fails to notify Plaintiff how the theory is connected to the case and/or fails to provide any factual support. Specifically, Defendant's seventh affirmative defense states:

> Defendant, NATIONAL SEATING, did not proximately cause the alleged harm to the Plaintiff. The claims suffered by Plaintiff, if any, resulted from a pre-existing, superseding, and/or intervening medical conditions and causes not attributable to this Defendant, NATIONAL SEATING, therefore Plaintiff cannot recover.

First, this does not constitute an affirmative defense in that Defendant does not admit to any facts; an "affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Morrison*, 434 F.Supp.2d at 1318.  Similarly, Defendant merely alleges a bare-bones conclusory allegation without providing any notice to Plaintiff as to how that conclusion is connected to the case – *e.g.,* Defendant provides no notice as to what Defendant is alleging was a pre-existing, superseding, and/or intervening medical conditions and causes.  As such, Defendant's seventh affirmative defense should be stricken.

    **H.  DEFENDANT'S EIGHTH AFFIRMATIVE DEFENSE SHOULD BE STRICKEN**

Defendant's eighth affirmative defense should be stricken because it does not

constitute an affirmative defense and because it is merely a bare-bones conclusory allegation not in accordance with pleading requirements of the Federal Rules of Civil Procedure. Specifically, Defendant's eighth affirmative defense states:

> The Plaintiff's claims are barred because the product at issue included adequate information and warnings with respect to its proper use.

As explained by this Honorable Court in *Lima v. Heng Xian, Inc.*, "just pointing out a defect in plaintiff's prima facie case is not an affirmative defense." 2009 WL 4906374, *1 (S.D. Fla. Dec. 18, 2009); *see also Vallesillo v. Remaca Truck Repairs, Inc.*, 2009 WL 4807397, *4 (S.D. Fla. Dec. 4, 2009) (striking alleged affirmative defenses that merely allege defect in the plaintiff's case as same is a denial and not an affirmative defense.).

Here, Defendant is merely denying allegations of the complaint; this is insufficient to constitute an affirmative defenses. Likewise, this alleged affirmative defense fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure – lacks sufficient factual support. As such, Defendant's eighth affirmative defense should be stricken.

## I. DEFENDANT'S NINTH AFFIRMATIVE DEFENSE SHOULD BE STRICKEN

Defendant's seventh affirmative defense is insufficient in that it is a bare-bones conclusory allegation that merely names a legal theory but fails to notify Plaintiff how the theory is connected to the case and/or fails to provide any factual support. Specifically, Defendant's ninth affirmative defense states:

> Plaintiff is barred from recovery against Defendant, NATIONAL SEATING, because the product at issue was misused and/or altered and/or modified and/or abused by third party(s) and/or the Plaintiff himself, or was subject to superseding and/or intervening events not attributable to this Defendant, NATIONAL SEATING.

Defendant provides absolutely no factual support – *e.g.,* provides no notice as to how the product was misused and/or altered and/or was subject to superseding event. As such, this alleged affirmative defense fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Defendant's ninth affirmative defense should be stricken.

**J. DEFENDANT'S TENTH AFFIRMATIVE DEFENSE SHOULD BE STRICKEN**

Defendant's tenth affirmative defense is insufficient in that it is a bare-bones conclusory allegation that merely names a legal theory. Specifically, Defendant states, in conclusory fashion: "Plaintiff's claims are time barred by the applicable statute of limitations." Defendant provides absolutely no factual support or notice as to how this legal theory possibly applies. Thus, this alleged affirmative defense fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Accordingly, Defendant's tenth affirmative defense should be stricken.

**K. DEFENDANT'S ELEVENTH AFFIRMATIVE DEFENSE SHOULD BE STRICKEN**

Defendant's eleventh affirmative defense is insufficient in that it is essentially a denial and is not a legally recognized affirmative defense. Defendant's eleventh affirmative defense states:

> Defendant, NATIONALSEATING, affirmatively alleges that the subject product was designed, tested and manufactured in accordance with the state of the art industry standards existing at the time of sale and therefore plaintiff cannot recover.

Defendant's eleventh affirmative defense does not constitute an affirmative defense since it is merely a denial of facts alleged in the complaint, and, as such, should be stricken. *Vallesillo v. Remaca Truck Repairs, Inc.*, 2009 WL 4807397, *4 (S.D. Fla. Dec. 4, 2009) (striking alleged affirmative defenses that merely allege defect in the plaintiff's case as

9

same is a denial and not an affirmative defense.). As such, this affirmative defense should be stricken.

L. **DEFENDANT'S TWELFTH AFFIRMATIVE DEFENSE SHOULD BE STRICKEN**

Defendant's twelfth affirmative defense is insufficient in that it is a bare-bones conclusory allegation that merely names a legal theory but fails to notify Plaintiff how the theory is connected to the case and/or fails to provide any factual support

> Defendant, NATIONAL SEATING, states that the allegations of Plaintiff's Complaint, even if proven, fail to establish that the acts or omissions of the Defendant, NATIONAL SEATING, are the proximate cause of the injuries as alleged. The injuries allegedly suffered by Plaintiff were due to circumstances conditions or events beyond the control of the Defendant, NATIONAL SEATING, and not reasonably foreseeable by a prudent person. As such, Defendant, NATIONAL SEATING, cannot be held liable under these circumstances as a matter of law.

First, as phrased, this does not constitute an affirmative defense in that Defendant does not admit to any facts; an "affirmative defense is established only when a defendant admits the essential facts of a complaint and sets up other facts in justification or avoidance." *Morrison*, 434 F.Supp.2d at 1318. Similarly, Defendant merely alleges a bare-bones conclusory allegation without providing any notice to Plaintiff as to how that conclusion is connected to the case – *e.g.,* Defendant provides no notice as to what Defendant is alleging were the "circumstances conditions or events beyond the control of Defendant…" etc. This alleged affirmative defenses provides no notice to Plaintiff as to what Defendant is asserting. Accordingly, Defendant's twelfth affirmative defense should be stricken.

M. **DEFENDANT'S THIRTEENTH AFFIRMATIVE DEFENSE SHOULD BE STRICKEN**

Defendant's thirteenth affirmative defense is not a cognizable affirmative defense.

Defendant's thirteenth affirmative defense merely states that Defendant "reserves the right to raise additional affirmative defenses as they become known through ongoing discovery in this case." However, a "reservation of rights clause does not constitute an affirmative defense because it does not respond to the initial complaint or raise facts which negate Plaintiff's claims." *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, *4 (S.D. Fla. July 31, 2009). Accordingly, Defendant's thirteenth affirmative defense should be stricken.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court strike Defendant's affirmative defenses and award any such other and further relief that this Honorable Court deems just and proper.

## CERTIFICATE OF GOOD FAITH

In accordance with Rule 7.1(a)(3), Local Rules for the Southern District of Florida, I hereby certify that I made reasonable efforts to confer in good faith with Earleen H. Cote, counsel for Defendant, NATIONAL SEATING, via telephone on April 26, 2016, and left a detailed voicemail for both counsel and counsel's assistant, but, at this time, have been unable to so confer.

   /s/ Lara S. Shiner
**LARA S. SHINER, ESQUIRE**
Florida Bar No. 84680
**SHINER LAW GROUP, P.A.**
95 South Federal Highway, Suite 200
Boca Raton, Florida 33432
Telephone: (561) 368-3363
Facsimile:  (561) 368-3364
**Primary Email:** Litigation@incourt.com
Secondary   emails:   Lara@incourt.com
and david@incourt.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2016, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day upon all counsel of record or pro se parties identified on the attached Service List in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

   /s/ Lara S. Shiner
**LARA S. SHINER, ESQUIRE**
Florida Bar No. 84680
**SHINER LAW GROUP, P.A.**
95 South Federal Highway, Suite 200
Boca Raton, Florida 33432
Telephone: (561) 368-3363
Facsimile:  (561) 368-3364
Primary Email: Litigation@incourt.com
Secondary emails:  david@incourt.com and Lara@incourt.com
*Attorneys for Plaintiff*

## SERVICE LIST

*Matthews v. National Seating & Mobility, Inc., and Pride Mobility Products Corporation*
Case No.: 16-CV-60798
United States District Court, Southern District of Florida

| | |
|---|---|
| **John D. Golden**<br>GOLDEN & GRIMES LLP<br>9350 South Dixie Highway<br>PH II<br>Miami, Florida 33156<br>Phone: (305) 670-4421<br>Fax: (305) 670-4353<br>*Counsel for Defendant, Pride Mobility Corporation*<br>*Via CM/ECF* | **Earleen H. Cote, Esq.**<br>KUPICKI DRAPER<br>1 East Broward Boulevard<br>Wells Fargo Tower, Suite 1600<br>Fort Lauderdale, Florida 33301<br>Phone: (954) 713-2315<br>*Counsel for Defendant, National Seating & Mobility*<br>*Via CM/ECF* |