UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-60798-CIV-DIMITROULEAS

CLARENCE MATTHEWS, an individual,

      Magistrate Judge Snow

   Plaintiff,

vs.

NATIONAL SEATING & MOBILITY, INC., a
Foreign Profit Corporation, and PRIDE
MOBILITY PRODUCTS CORPORATION, a
Foreign Profit Corporation

   Defendants.
_____/

### ORDER GRANTING MOTION TO STRIKE AFFIRMATIVE DEFENSES

THIS CAUSE is before the Court upon Plaintiff Clarence Matthews' Motion to Strike Defendant Pride Mobility Products Corporations' Affirmative Defenses (the "Motion") [DE 24], filed herein on May 10, 2016. The Court has carefully considered the Motion [DE 24], the Response [DE 27], and is otherwise fully advised in the premises.

### I.   BACKGROUND

The parties to this action are Plaintiff Clarence Matthews ("Plaintiff" or "Matthews") and Defendants National Seating & Mobility, Inc. ("National") and Pride Mobility Products Corporation ("Pride"). Plaintiff's Complaint asserts several claims against arising from an incident on or about October 31, 2014, during which an allegedly defective condition in Defendant's wheelchair caused "Plaintiff's foot [to be] dragged alongside the subject wheelchair resulting in severe and permanent injury." *See* [DE 1]. Defendant Pride filed its Answer and

1

Affirmative Defenses to the Complaint on April 25, 2016. *See* [DE 17]. Through the instant Motion [DE 24], Plaintiff seeks to strike Pride's affirmative defenses pursuant to Rule 12(f) of the Federal Rules of Civil Procedure (the "Rules").

## II.     STANDARD OF REVIEW

Rule 12(f) permits a court to strike an insufficient defense. *See* Fed. R. Civ. P. 12(f). Striking an affirmative defense is a drastic remedy that is disfavored and that will be granted only if it is clear that the defense must fail. *Augustus v. Bd. of Pub. Instruction of Escambia County*, 306 F.2d 862, 868 (5th Cir. 1962). Furthermore, "both because striking a portion of a pleading is a drastic remedy and because it often is sought by the movant simply as a dilatory or harassing tactic, . . . motions under Rule 12(f) are viewed with disfavor and are infrequently granted." 5C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil § 1380 (3d ed. 2008). "[I]t must be shown that the allegations being challenged are so unrelated to plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Id*.

At the same time, however, affirmative defenses are subject to the same pleading scrutiny imposed by Rule 8(a) and *Twombly/Iqbal*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 & n.3 (2007); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *Losada v. Norwegian (Bahamas) Ltd*., No. 13–cv–22256–JLK, 2013 WL 6622911, * 2 (S.D. Fla. Dec. 16, 2013) ("After reviewing the case law on the issue and the purpose of an affirmative defense, this Court finds that affirmative defenses should be subject to the same general pleading standards of complaints."). Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," sufficient to give the opposing party fair notice of the claim and its grounds.

*See Twombly*, 550 U.S. at 555-56 & n.3.  The pleading must be able to articulate enough facts to raise a plausible right to relief on the assumption that all of the non-conclusory, factual allegations in the complaint are true.  *Id*. at 555; *Iqbal*, 129 S. Ct. at 1949.  Formulaic recitations filled with labels and conclusions without factual allegations are insufficient.  *Twombly*, 550 U.S. at 555.

### III.   DISCUSSION

The crux of Plaintiff's position is that Pride's affirmative defenses consist of legal conclusions that do not plead sufficient factual allegations to support the alleged affirmative defenses.  Upon review, the Court agrees that the affirmative defenses, as currently pled, lack the specificity required by *Twombly/Iqbal* and are therefore legally insufficient.  Plaintiff should have fair notice of the specific factual allegations underlying each particular defense.  Therefore, the Court will strike the defenses but allow Pride an opportunity to file an amended answer.  *See, e.g., New York Discount Plus, Inc. v. Scottsdale Ins. Co.*, No. 13–24231–CIV, 2014 WL 467235 (S.D. Fla. Feb. 5, 2014) (striking affirmative defenses that did not include adequate factual support but granting leave to replead).

For purposes of repleading, the Court notes that a defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense.  *In re Rawson Food Service, Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988); *Vallesillo v. Remaca Truck Repairs*, 2009 WL 4807397, at *4 (S. D. Fla. Dec. 4, 2009).   Accordingly, in its amended answer and affirmative defenses, Defendants are instructed to plead their specific denials separately and apart from any affirmative defenses they may raise.

Lastly, Pride's Answer and Affirmative Defense purports to "reserve[] the right to raise additional Affirmative Defenses as they become known through ongoing discovery in this case."

*See* [DE 17] at p. 12. However, absent the right to amend a pleading as a matter of course, amendment is a matter within the Court's discretion. *See* Fed. R. Civ. P. 15(a). In addition, a reservation of rights clause is not an affirmative defense. *See Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, *4 (S.D. Fla. July 31, 2009).

## IV.     CONCLUSION

Based upon the forgoing, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion [DE 24] is hereby **GRANTED**;

2. Pride's affirmative defenses and reservation of rights are **STRICKEN**; and

3. Pride may file an amended answer and affirmative defenses within fourteen (14) days of the date of this Order.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 6th day of June, 2016.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies provided to:

Counsel of record